```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                       FT. LAUDERDALE DIVISION

GLOBAL BEVERAGE ENTERPRISES INC.,       )
a Florida corporation,                  )
                                        )
            Plaintiff,                  )
                                        )
     vs.                                )    CASE NO.
                                        )
CYTOSPORT, INC.,                        )
a California corporation,               )
                                        )
            Defendant.                  )
_____)
```

**COMPLAINT**

Plaintiff, Global Beverages Enterprises Inc. ("Plaintiff"), hereby complains against Defendant, Cytosport, Inc. ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for false advertising under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. 1125(a), and for cancellation of federal trademark registrations pursuant to 15 U.S.C. §1119.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

3. Jurisdiction is proper in that:

   a. Defendant has operated, conducted, engaged in, or carried on a business venture in this State, and the Southern

District of Florida, from which this action arises, within the meaning of Fla. Stat. §48.193(1)(a);

    b.    Defendant has committed tortious acts within this State, and the Southern District of Florida, including the false advertising set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); and/or

    c.    Defendant has engaged in substantial and not isolated activity within this state, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(f).

4.    Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim, including the false advertising, occurred in the Southern District of Florida.

## THE PARTIES

5.    Plaintiff is a corporation duly organized and existing under the laws of Florida, with its principal place of business at 1771 Blount Road, # 203, Pompano Beach, Florida 33069.

6.    Upon information and belief, Defendant is a corporation duly organized and existing under the laws of California, with its principal place of business at 4795 Industrial Way, Benicia, California, 94510.

7.    Plaintiff manufactures and sells various beverage products under brand names such as MR. Q. CUMBER® and SWEET

BLOSSOM® ("Plaintiff's products").

8.  Plaintiff's products are sold nationwide through various large distributors such as The Fresh Market, KeHe, Tree of Life, Haddon House, Southern Wine and Spirits CA & NV, Keg Works, Real Soda in Real Bottles, Bays Best Beverages, Associated Buyers, United Natural Foods Inc., and Galco's.

9.  Defendant is a competing manufacturer and distributor of beverages and health and nutritional supplement products which it markets and sells under the mark MUSCLE MILK.  These include the ready-to-drink products named "MUSCLE MILK," "MUSCLE MILK LIGHT," "MUSCLE MILK COLLEGIATE," and "MUSCLE MILK PRO SERIES 40" (hereinafter "Defendant's MUSCLE MILK products").

10. Specifically, Plaintiff's and Defendant's products are placed in the same beverage cooler at The Fresh Market stores nationwide.  An example of such placement is demonstrated by the photograph below, taken at The Fresh Market in Fort Lauderdale.



11. Upon information and belief, Defendant's MUSCLE MILK products are often placed next to milk products, or products containing milk. An example of such placement is demonstrated by the photograph below, taken at The Fresh Market in Fort Lauderdale, Florida.



12. Defendant's MUSCLE MILK products are sold nationwide in thousands of supermarkets, health food markets, convenience stores and on the internet.

13. Defendant's MUSCLE MILK products target all types of consumers.

14. Defendant's MUSCLE MILK products are also sold in powder form and in a premixed liquid form (further incorporated in definition of "Defendant's MUSCLE MILK products" herein). MUSCLE MILK in powder form and MUSCLE MILK in premixed liquid form <u>contains no milk</u> from a cow.

15. Milk from a cow has several known health benefits.

16. Misuse of the term "milk" on a product that contains no milk or milk products deceives consumers, and unfairly benefits from the good will associated with milk products or other healthy beverages.

17. Although Defendant's MUSCLE MILK products do not contain milk, Defendant advertises and promotes its products as MUSCLE MILK and prominently displays the mark MUSCLE MILK on its products.

18. In addition, Defendant markets its MUSCLE MILK products to suggest to consumers that the products contain milk, and thus are healthier beverages when compared to competitor's products, including the Plaintiff's products.

19. In this regard, Defendant provides its MUSCLE MILK ready-to-drink products in flavors traditionally associated with milk such as "chocolate" and "chocolate malt" and terms traditionally associated with milk as "chocolate malt" and "shake."

20. Also as part of their deceptive efforts to suggest to consumers that the products contain milk, and thereby gain a competitive advantage, the Defendant markets the products as "LACTOSE FREE," terms that would only be associated with a product containing milk, given that lactose is a sugar derived from galactose and glucose found in milk.

21. The origin of the word lactose is the Latin word for milk, *lac* or *lactis*, plus the *-ose* ending that is used to name sugars.

22. Defendant owns several federal trademark registrations which include the MUSCLE MILK mark, including: U.S. Registration No. 2,973,352 for MUSCLE MILK for meal replacement drinks; meal replacement and dietary supplement drink mixes; protein based, nutrient-dense meal replacement bars; and pre-mixed nutritionally fortified beverages; U.S. Registration No. 3,311,490 for MUSCLE MILK PUDDING for dietary and nutritional supplements and fortified food, namely, protein based, nutrient-dense pudding; U.S. Registration No. 3,311,489 for MUSCLE MILK N'OATS for dietary and nutritional supplement and for fortified food, namely, protein based, nutrient-dense oatmeal; U.S. Registration No. 3,333,886 for MUSCLE MILK LIGHT for dietary and nutritional supplements; U.S. Registration No. 2,809,666 for MUSCLE MILK for nutritional supplements; U.S. Registration No.

6

2,714,802 for MUSCLE MILK for powdered nutritional supplement containing milk derived ingredients for adding to food or drink; and U.S. Registration No. 3,815,321 for MUSCLE MILK REFUEL for protein enhanced energy drink (collectively the "MUSCLE MILK Registrations").

**COUNT I**
**FALSE ADVERTISING, 15 U.S.C. §1125(a)**

23. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant advertises, markets, promotes and sells its MUSCLE MILK products in interstate commerce throughout the United States.

25. Defendant's MUSCLE MILK products compete with Plaintiff's products.

26. Although Defendant advertises, markets, promotes and sells its products as MUSCLE MILK, the product is not "milk" as that term is commonly used and understood.

27. Defendant's use of the mark MUSCLE MILK, and terms associated with milk (such as those identified in Paragraph 28, below), to identify and otherwise promote its products is false and/or misleading, and amounts to a false or misleading description of fact, or false or misleading representation of

fact which, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of the Defendant's goods, including the Defendant's MUSCLE MILK products.

28. Defendant's false and/or misleading use of the mark MUSCLE MILK to identify, advertise, market, promote and sell its non-milk product is exacerbated by its corresponding use of such traditionally milk-associated phrases as "shake," "chocolate malt," "lactose free," and by its use of containers in a shape that is likewise traditionally associated with actual milk.

29. Defendant's representations are material; they are likely to influence the purchasing decision of a substantial number of reasonable consumers; those misrepresentations actually deceive or, at a minimum, have the tendency to deceive a substantial segment of the reasonable consumer audience.

30. As a direct and proximate result, Plaintiff has been injured, and in the future is likely to continue to be injured, as a result of the false advertising, both by the direct diversion of sales from Plaintiff to Defendant and by a lessening of the goodwill associated with Plaintiff's products.

31. Plaintiff has no adequate remedy at law because Plaintiff is informed and believes that Defendant will continue in its unlawful conduct unless and until it has been restrained

by an order of this Court.

## COUNT II
## CANCELLATION OF TRADEMARK REGISTRATIONS PURSUANT TO 15 U.S.C. § 1119

32. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 22 as if fully set forth herein.

33. Defendant advertises, markets, promotes and sells its MUSCLE MILK products in interstate commerce throughout the United States.

34. Defendant's MUSCLE MILK products compete with Plaintiff's products.

35. Although Defendant advertises, markets, promotes and sells its products as MUSCLE MILK, the product is not "milk" as that term is commonly used and understood.

36. The use of the term "milk" to identify products that are not milk or do not contain milk is deceptive, misdescriptive, or deceptively misdescriptive of the character, function, and composition of the MUSCLE MILK products.

37. Prospective purchasers of MUSCLE MILK products are likely to be deceived and to believe that the Defendant's misrepresentations actually and accurately describe the MUSCLE MILK products.

38. The Defendant's misrepresentations are material and are likely to affect the decision of prospective purchasers to purchase MUSCLE MILK products.

39. The marks that are the subject of Defendant's MUSCLE MILK Registration Nos. 2,973,352, 3,311,490, 3,311,489, 3,333,886, 2,809,666, 2,714,802 and 3,815,321 are deceptive, in violation of 15 U.S.C. § 1052(a).

40. The mark that is the subject of Defendant's MUSCLE MILK Registration No. 3,815,321 is deceptively misdescriptive, in violation of 15 U.S.C. § 1052(e)(1).

41. Defendant's MUSCLE MILK Registration Nos. 2,973,352, 3,311,490, 3,311,489, 3,333,886, 2,809,666, 2,714,802, and 3,815,321 should be cancelled pursuant to 15 U.S.C. § 1119.

**WHEREFORE**, Plaintiff prays:

A.  That this Court will adjudge that Defendant has engaged in false advertising or other conduct in violation of 15 U.S.C. §1125(a)(1)(B).

B.  That this Court will adjudge that the Defendant's use of the term "milk" to identify products that are not milk is deceptive or deceptively misdescriptive of the character, function, and composition of the MUSCLE MILK products, in violation of 15 U.S.C. § 1052(a) and (e)(1).

C. That Defendant, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1) From using the term "MILK", or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, in connection with the distribution, marketing, advertising or sale of any of its products that do not contain milk;

2) From falsely or misleadingly representing its products as containing milk;

D. That the Court order cancellation of Defendant's MUSCLE MILK Registration Nos. 2,973,352, 3,311,490, 3,311,489, 3,333,886, 2,809,666, 2,714,802 and 3,815,321.

E. That the Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

F. That Plaintiff have and recover its reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117 and as otherwise authorized.

G. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15

U.S.C. §1117, and as otherwise authorized.

    H.    That Plaintiff have and recover such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: April 23, 2014

                        Respectfully submitted,

                        s/Oliver Alan Ruiz
                        John Cyril Malloy, III
                        Florida Bar No. 964,220
                        jcmalloy@malloylaw.com
                        Oliver Alan Ruiz
                        Florida Bar No. 524,786
                        oruiz@malloylaw.com
                        Meredith Frank Mendez
                        Florida Bar No. 502,235
                        mmendez@malloylaw.com
                        **MALLOY & MALLOY, P.L.**
                        2800 S.W. Third Avenue
                        Miami, Florida  33129
                        Telephone (305) 858-8000
                        Facsimile (305) 858-0008

                        *Attorneys for Plaintiff, Global Beverages Enterprises Inc.*